IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RODNEY SCHMELZER, an individual,<br><br>                  Plaintiff,<br>v.<br><br>IHC HEALTH SERVICES, INC. *dba* PRIMARY CHILDREN'S HOSPITAL,<br><br>                  Defendant. | MEMORANDUM DECISION AND ORDER ON OBJECTION TO MAGISTRATE JUDGE DECISION<br><br>Case No. 2:19-CV-965 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Jared C. Bennett |

      This matter is before the Court on Plaintiff's and Cohne Kinghorn's ("CK") Objections to Order Denying Plaintiff's Short Form Motion to Compel Discovery. For the reasons discussed below, the Court will overrule the Plaintiff's objection and recommit the issue of sanctions to the Magistrate Judge for further proceedings.

      Under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, the Court reviews a magistrate judge's orders on nondispositive matters under a clearly erroneous or contrary to law standard.[1] In reviewing a magistrate judge's nondispositive order, a district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[2] The court may also "recommit the matter to the magistrate judge with instructions."[3] "The clearly erroneous standard . . . requires that the reviewing court affirm

---

[1] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[2] Fed. R. Civ. P. 72(a).

[3] 28 U.S.C. § 636(b)(1).

unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4]

The Court has carefully reviewed the Magistrate Judge's Order, Plaintiff's and CK's objections thereto, the underlying briefing, and the relevant statutes and case law.  Having done so, the Court cannot conclude that the Magistrate Judge's decision regarding the Motion to Compel was clearly erroneous or contrary to law. However, the Supreme Court has recognized that "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."[5] Additionally, the advisory committee's note to the 1983 amendment of Rule 26 provides that sanctions must comport with due process, but the "kind of notice and hearing required will depend on the facts of the case and the severity of the sanction being considered."[6] Because CK was not provided with adequate advanced notice that sanctions would be imposed, the Court recommits the issue of sanctions to the Magistrate Judge for further proceedings to determine the requisite due process.

---

[4] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[5] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980).

[6] Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment.

It is therefore

ORDERED that Plaintiff's objection (Docket No. 104) is OVERRULED. The issue of sanctions is RECOMMITTED to the Magistrate Judge for further proceedings.

DATED this 26th day of April, 2022.

BY THE COURT:

_____
Ted Stewart
United States District Judge